# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY G. VEGUILLA, | : | Civil No. 1:22-CV-0185 |
| Plaintiff, | : | |
| v. | : | |
| CARLOS TATTEGRAIN, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court for screening is the complaint of self-represented Plaintiff Anthony G. Veguilla. (Doc. 1.) Plaintiff files his civil rights action pursuant to 42 U.S.C. § 1983 and asks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Doc. 2.) For the following reasons, Plaintiff's *in forma pauperis* motion will be granted and his complaint will be dismissed.

### FACTUAL BACKGROUND

Plaintiff, Anthony G. Veguilla ("Veguilla"), is presently housed at the Laurel Highlands State Correctional Institution ("SCI-Laurel Highlands") in Somerset, Pennsylvania.[1] Veguilla claims that on January 23, 2022, Carlos Tattegrain ("Tattegrain"), the sole named Defendant, placed a sexual note in his

---

[1] SCI-Laurel Highlands is in Somerset County. *See https://www.cor.pa.gov* (last visited Feb. 8, 2022). Somerset County lies within the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c).

pocket. Later that day, Veguilla alleges that Tattegrain entered his cube and made sexual advances towards him. Veguilla immediately rejected Tattegrain's advances and pulled away from him. (Doc. 1, p. 4.) Veguilla asserts Tattegrain violated his Eighth Amendment rights to be free from such abuses. As relief he seeks monetary damages and that Tattegrain be prosecuted. (*Id.*)

Veguilla identifies Tattegrain as an inmate housed at SCI-Laurel Highlands. The court has confirmed that Carlos Tattegrain is an inmate confined at SCI-Laurel Highlands. *See http://inmatelocator.cor.pa.gov* (last visited Feb. 8, 2022).

### JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

### STANDARD OF REVIEW

When a litigant seeks to proceed *in forma pauperis*, without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state

a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b)(1)–(2). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Dooley v.* Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.,* 961 F.3d 203, 208 (3d Cir. 2020).

The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Dooley*, 957 F.3d at 376 (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002)).

## DISCUSSION

**A. Failure to State a Claim**

An essential element of a 42 U.S.C. § 1983 claim is that the alleged constitutional deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). A private party does not normally "act under color of state law," and is therefore not subject to suit under Section 1983. However, "[a] private party can qualify as a state actor under § 1983 only when there 'is a sufficiently close nexus' between the state and the private party's conduct." *McNeill v. Snow*, 814 F. App'x 676, 677 (3d Cir. 2020) (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (citation omitted)). Carlos Tattegrain, a fellow inmate housed at SCI-Laurel Highlands is a private party and not a state actor simply based on his incarceration within a state prison. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (inmates are not state actors). Moreover, Veguilla does not make any connection between Tattegrain's actions and that of another individual, let alone a state actor. As such, Veguilla's § 1983 claim against Tattegrain is subject to dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Leave to Amend is Denied

As noted above, Veguilla's Section 1983 against fellow inmate Tattegrain is subject to dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Any further amendment of Veguilla's claims against Tattegrain would suffer the same fate as Tattegrain is not a state actor.  Accordingly, it would be an exercise in futility to allow Veguilla to amend his Section 1983 complaint against the sole Defendant, who is a non-state actor.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

### C. The Interests of Justice do not Support Transfer of this Matter to the Western District of Pennsylvania

All the alleged violations of Veguilla's complaint occurred in the Western District of Pennsylvania.  (Doc. 1.)  The sole Defendant also resides in that district.  Therefore, venue in this matter is proper in the Western District of Pennsylvania.  *See* 28 U.S.C. § 1391.

Title 28 U.S.C. § 1406(a) states:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it should have been brought."  Here, the court has determined that Veguilla's complaint is subject to dismissal in its entirety as Tattegrain, the sole Defendant, is not amenable to suit under Section 1983.  As such, the court finds the interests of

5

justice would not be served by transferring this matter to the Western District of Pennsylvania.

## CONCLUSION

Accordingly, the court will grant Veguilla's request for *in forma pauperis* status, and his complaint will be dismissed. An appropriate order follows.

s/ Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: February 15, 2022